WILLIAM BIRMINGHAM & others vs. FRANCIS C. GALLAGHER
& another.

The plaintiffs and many others formed a voluntary association, for benevolent purposes; the name of the association was afterwards changed by vote of its members at a regular meeting; funds of the association had been deposited for its use in the name of trustees in a savings bank; one of the trustees refused to join with his fellows in an assignment of these funds to their successors, and the bank would not transfer the funds without such an assignment. *Held*, that the plaintiffs might maintain a bill in equity in behalf of themselves and their associates for the purpose of compelling such assignment.

BILL IN EQUITY by William Birmingham, Roger H. Scannell, Thomas Cook, John W. Sullivan, John B. Riley, Thomas R. Wallace, and Thomas O'Donnell, for and on behalf of themselves and others, members of an association called the Boston Pressmen's Benevolent Union, who might become parties to the bill, against Francis C. Gallagher and the Boston Five Cent Savings Bank. The bill alleged that in July, 1861, an association was organized, the principal objects of which were to protect the interests and promote the general welfare of pressmen in the city of Boston; that it was named, in the constitution and laws adopted for its government, "The Boston Pressmen's Union;" that the plaintiffs, with many others, became members at the time of its organization and afterwards; that the plaintiffs, Birmingham, Scannell, and Cook, together with the defendant Gallagher, were elected trustees of the money raised by the union for the purpose of promoting its objects; that the special purpose of the association was to "secure and establish a fair and remunerative system of labor and the reasonable compensation therefor necessary for the support of the families of the pressmen of Boston, and to protect them in their reasonable rights and expectations in this behalf; that said association had essentially benevolent objects in view, the principal one being protection to the trade, although the constitution of said union contemplated the use of the funds thereof for such eleemosynary purposes as might seem to be necessary and proper in promoting the interests of the members of the association;" that experience ultimately proved that the objects sought to be obtained by the association might better be secured

by the use of the funds of the association for purposes other than those specially intended at the time of its organization; that therefore in July, 1870, a committee was appointed to revise the constitution and laws of the association; that thereupon, at a regular meeting of the members, it was unanimously voted to adopt a new constitution, by which the association was named the " Boston Pressmen's Benevolent Union ; " and by which it was provided that there should be a board of trustees consisting of four members of the association, who should have the charge and custody of the money belonging to the association, which money was deposited in the Boston Five Cents Savings Bank; that the plaintiffs, Sullivan, Riley, Wallace, and O'Donnell, were elected trustees in place of Birmingham, Scannell, Cook and Gallagher , that a large amount of money had been deposited by the treasurer of the association in the Boston Five Cents Savings Bank, in the name of Birmingham, Scannell, Cook, and Gallagher, as trustees of the Boston Pressmen's Union, and for its use ; that it was the duty of these trustees to assign the money entered to their credit on the books of the savings bank to their successors in office, and to execute such assignments as the rules of the savings bank make necessary ; that Birmingham, Scannell, and Cook did, after the new trustees had been elected, execute an assignment of the funds to the new trustees ; that the savings bank refused to recognize this assignment and refused to transfer the money to the newly elected trustees, until Gallagher also should execute the assignment ; and that Gallagher refused to join in the assignment, or to do anything by which the newly elected trustees could obtain the funds for the use of the association.

The prayer was that it might be decreed that the new trustees were entitled to the funds ; that the savings bank might be ordered to transfer them; that Gallagher might be ordered to join in the assignment ; and for further and other relief.

The defendant Gallagher demurred to the bill because " the bill, acknowledging that defendant is a trustee of certain funds, gives no reason, legal or equitable, why he, the defendant, should not continue to hold the funds of the Boston Pressmen's Union, subject to their lawful order ; and shows no order to him from them, or any one representing them, to give up said funds."

Hearing on the demurrer by *Ames*, J., who reserved the case for the consideration of the full court.

*G. Sennott*, for the defendant Gallagher.

*G. D. Noyes*, for the plaintiffs.

BY THE COURT. The causes assigned in the demurrer find no support in the allegations of the bill. The bill states that the plaintiffs and many others formed a voluntary association for certain purposes specified, (none of which appear on the face of the bill, or are suggested by the demurrer, to have been unlawful,) the name of the association was afterwards changed by vote of its members at a regular meeting, funds of the association were deposited for its use in the name of its four trustees in a savings bank, one of those trustees has refused to join with his fellows in an assignment of those funds to their successors, and the bank will not transfer the funds without such an assignment. Upon such a case, the plaintiffs may maintain this bill in behalf of themselves and their associates. *Lloyd* v. *Loaring*, 6 Ves. 773. Story Eq. Pl. §§ 107 *& seq.* *Demurrer overruled.*