ALBERT SMITH *vs.* GUSTAVUS B. WILLIAMS & another.

Worcester.    Oct. 5, 1874. — Jan. 26, 1875.    COLT & MORTON, JJ., absent.

Where the persons interested in the subject matter of a suit in equity are numerous, it is within the discretion of the court to determine whether or not they should be made parties.

Land subject to dower had been taken by a railroad, and the sum of $500 paid to a trustee in trust to pay the income to the widow for life and on her death to divide the principal among the heirs of the husband of the widow. After the death of the widow, one of the heirs, whose interest was 3-192, brought a bill in equity "for himself, and in behalf of all others interested in the subject of the suit to enforce the trust." The bill set forth the names and residences of the other heirs; and showed that six persons residing in this Commonwealth were entitled to 56-192; sixteen persons residing in various parts of New England to 75-192; two in Albany, New York, to 4-192; and three persons in Wisconsin to 54-192. *Held*, on demurrer, that the bill could not be maintained, for want of proper parties thereto.

BILL IN EQUITY, alleging that in 1857 certain land of John Southwick, deceased, intestate, which had been set off to his widow for her dower, was taken by a railroad corporation for its railroad, and the entire damages for such taking, amounting to the sum of $500, assessed and awarded, without any apportionment thereof, and paid to Dan Hill, a trustee appointed by the widow and heirs, to invest the same, and pay the income thereof to the widow for life, and the remainder to the heirs; that the

income was accordingly paid to the widow until the death of the trustee in 1864, leaving a will by which he made one of the defendants executor and the other residuary devisee and legatee; that the executor took possession of all his testator's estate and of the trust fund, and paid the income of the latter to the widow of Southwick until her death in 1867; that nothing had since been paid to any one as income or otherwise upon said entire damages; that said executor had kept, or ought to have kept said entire damages invested for the benefit of said heirs; and that the same, with the income which had accumulated, or ought to have accumulated thereon, belonged absolutely to the heirs at law of Southwick, and ought to be apportioned, distributed and paid over to and among them according to their respective interests; but the said executor refused to account for or pay over the same.

The bill was filed by the plaintiff, an heir at law of John Southwick, "for himself, and in behalf of all others interested in the subject and object of this suit, heirs at law of said deceased, their respective names, residences, lineal descent, and extent of said interest," being set forth in detail in the bill, by which it appeared that the plaintiff was entitled to $\frac{3}{192}$; six persons residing in different towns in this Commonwealth to $\frac{66}{192}$; sixteen persons residing in various parts of New England to $\frac{76}{192}$; two residing at Albany in the State of New York to $\frac{45}{192}$; and three persons residing at different places in the State of Wisconsin to the remaining $\frac{64}{192}$.

The bill prayed for process, an answer not under oath, an account, the appointment of a receiver to receive the trust fund from the defendants and apportion and distribute it to and among the said heirs at law according to their respective interests therein, and for further relief.

The defendants demurred to the bill for want of equity, 1st. Because each of the persons named in the bill as interested in the estate of John Southwick, deceased, ought to be made parties thereto; 2d. Because the plaintiff had a plain, adequate and complete remedy at law. The questions arising upon the demurrer were reserved by *Ames*, J., for the determination of the full court.

*G. F. Hoar*, for the defendants.

*S. A. Burgess*, for the plaintiff. The bill sets forth ground for relief in equity, under the Gen. Sts. *c.* 113, § 2, *cl.* 6, there being more than two parties having distinct rights or interests which cannot be justly decided and adjusted in one action at the common law. *Carr* v. *Silloway*, 105 Mass. 543, 549. *Hale* v. *Cushman*, 6 Met. 425, 431. The land damages were a trust fund in the hands of Hill and his executor, the annual income of which was payable to the widow of John Southwick, during her lifetime, and upon her decease the remainder "to be paid over absolutely" to the persons entitled to the same. Gen. Sts. *c.* 63, § 25; *c.* 43, §§ 17, 18. It appears upon the face of the bill that all persons interested in the subject and object of the suit are made parties. Story Eq. Pl. §§ 76–106. A distributee of a trust fund may sue in behalf of himself and all others; the court will exonerate the trustee from all liability in respect to payments made pursuant to its decree; and the remedy of the absent parties is against those who get more than their share, and not against the trustee, his executors or administrators. Story Eq. Pl. §§ 106 & notes, 207 *a*, 207 *b*. *Stevenson* v. *Austin*, 3 Met. 474, 481.

GRAY, C. J. The plaintiff sues in behalf of himself and of all other persons having like interests in the alleged trust fund. How far such persons should be made parties to the suit depends largely upon the discretion of the court, considering on the one hand the difficulty and expense of joining them, and on the other the paramount importance of having such a representation of the interests concerned as may enable the question at issue to be fairly tried. *Stevenson* v. *Austin*, 3 Met. 474. *Harvey* v. *Harvey*, 4 Beav. 215, and 5 Beav. 134.

It appears upon the face of the bill that the names and residences of all the parties in interest are known to the plaintiff, that the owners of more than one fourth of the fund reside in this Commonwealth, and of more than three eighths in other parts of New England, and that his own share is only one sixty-fourth part, and less than ten dollars in value. Upon such a state of facts, it would be unjust to try the merits of the case, or to express an opinion upon the main question made by the demurrer, without giving any of the other parties an opportunity to be heard.

The plaintiff does not seek to maintain this bill for the protection of his own interest only. And it would be inconsistent with the settled practice of a court of chancery, and the rights of suitors whose causes are more worthy of its attention, to entertain a claim so trifling in amount. Story Eq. Pl. §§ 500–502. *Cummings* v. *Barrett*, 10 Cush. 186, 190. *Demurrer sustained.*