ALBERT H. CHAPMAN & another *vs.* BANKER & TRADESMAN
    PUBLISHING COMPANY & another.

Suffolk.    March 19. — 22, 1880.    AMES & LORD, JJ., absent.

Debts due to different persons severally cannot be joined in one bill in equity
    under the Gen. Sts. c. 113, § 2, cl. 11.
If a bill in equity purports at the beginning thereof to be brought by ten per-
    sons, who are named therein as plaintiffs, but is in fact signed by only two
    of them, without any signature, either of themselves or of counsel, in behalf
    of the others, it is the bill of those two only.
This court will not take jurisdiction in equity, under the Gen. Sts. c. 113, § 2, cl. 11,
    of a claim for less than one hundred dollars, the amount and validity of which
    are not disputed; and two plaintiffs cannot, by improperly joining in one bill
    two such claims, which are in their nature several and distinct, both at law and
    in equity, compel the court to take jurisdiction thereof.

BILL IN EQUITY, under the Gen. Sts. c. 113, § 2, cl. 11; purport-
ing at the beginning thereof to be brought by Albert H. Chap-
man, John F. Furlong, Charles H. Harding and seven other per-
sons named, against a corporation established by law in this
Commonwealth, and its treasurer; alleging that the corporation
is severally indebted to the plaintiffs for labor performed in its
business, according to several accounts annexed to the bill, and
admits the justness and validity of their claims, and has no
property within the Commonwealth that can be come at to
be attached or taken on execution in a suit at law, but is the
owner of certain newspapers, named in the bill, with the sub-
scription lists and advertising contracts, trade-marks and good-
will thereto belonging, of great value, which it is about to
pass out of its possession and control; praying for a sale of
this property, and its application to the payment of the plain-
tiff's debts and costs; and signed thus: "Albert H. Chapman.
John F. Furlong." The bill was sworn to by Chapman and
Furlong. The schedules annexed showed the sum of $81.50
due to Chapman, $37.32 to Furlong, $105 to Harding, and vari-
ous smaller sums to the other persons named at the beginning
of the bill.

The defendants filed a general demurrer, which was sustained
by *Ames*, J.; and the plaintiffs appealed to the full court.

*H. R. Brigham*, for the defendants, submitted the case without argument.

*C. A. Prince*, for the plaintiffs.

GRAY, C. J. This is not a "creditor's bill," in the sense in which those words are used in the practice of courts of chancery, by which one or more creditors may sue in behalf of all for the administration of the assets of a deceased debtor, or the enforcement of a trust deed *inter vivos*, and any decree obtained is for the benefit of all. Story Eq. Pl. §§ 99–103 *a*. But it is a bill under the Gen. Sts. *c.* 113, § 2, *cl.* 11, the only purpose of which is to reach and apply to the payment of the debts of those who bring the bill property of the debtor which cannot be come at to be attached or taken on execution in a suit at law. In the form in which this provision was originally enacted, it in terms authorized "a bill by any creditor;" Sts. 1851, *c.* 206; 1858, *c.* 34; and the substitution in the Gen. Sts. of the plural "bills by creditors," in order to conform to the other clauses of the section in which it is incorporated, does not change its scope or effect. Such a bill is in the nature of an equitable attachment, brought by a single creditor for his own benefit, and in which other creditors cannot be admitted to join as plaintiffs, or to share in the benefits of the decree. *Silloway* v. *Columbia Ins. Co.* 8 Gray, 199. *Crompton* v. *Anthony*, 13 Allen, 33, 37. *Barry* v. *Abbot*, 100 Mass. 396. *Phœnix Ins. Co.* v. *Abbott*, 127 Mass. 558, 560.

The draft of the bill before us appears to have been prepared with the intention of having it signed by the ten persons named therein as plaintiffs; but as the bill is in fact signed by only two of them, without any signature, either of themselves or of counsel, in behalf of the others, it is the bill of those two only. The relief which they seek is the security and payment of two several and distinct money debts, one to each plaintiff, for the sum of less than $100, the amount and validity of which are not disputed.

The jurisdiction of this court is not to be invoked in behalf of claims of this kind and amount; and it is the duty of the court, in order to prevent its time from being consumed in frivolous controversies, to the detriment of suitors who are entitled to its attention, to decline to entertain them, although the defendants make no specific objection on this ground, by demurrer

or otherwise.    *Cummings* v. *Barrett*, 10 Cush. 186, 190.    *Smith* v. *Williams*, 116 Mass. 510, 513.    *Brace* v. *Taylor*, 2 Atk. 253. *Swedesborough Church* v. *Shivers*, 1 C. E. Green, 453.    Story Eq. Pl. §§ 500–502.    The plaintiffs cannot, by improperly joining in one bill two such claims, which are in their nature several and distinct, both at law and in equity, compel the court to take jurisdiction thereof.    *Jones* v. *Garcia del Rio*, Turn. & Russ. 297. *Paving Co.* v. *Mulford*, 100 U. S. 147.

The case differs from that of a bill by one or more members of a company or association in behalf of all having a common interest, as in *Seaton* v. *Grant*, L. R. 2 Ch. 459, and *Birmingham* v. *Gallagher*, 112 Mass. 190; or a bill by owners of several lots of land injured by the same nuisance, as in *Murray* v. *Hay*, 1 Barb. Ch. 59, and *Cadigan* v. *Brown*, 120 Mass. 493.

*Bill dismissed.*