## GEORGE F. LIBBY vs. JOHN NORRIS & others.

Middlesex.    March 24. — July 2, 1886.    W. ALLEN & HOLMES, JJ., absent.

Where the persons having similar interests in the subject matter of a suit in equity are numerous, it is within the discretion of the court to entertain the bill, although brought by one of such persons only, in behalf of himself and of all the others who may become parties thereto.

BILL IN EQUITY, brought by the plaintiff, in behalf of himself and of all other creditors of Vital Roberts who might become parties thereto, against John Norris, Henry Norris, and Vital Roberts, alleging that, on April 28, 1882, Roberts was doing business in Lowell, and was possessed of certain personal property; that Roberts was indebted to twenty-five persons and firms named, including the plaintiff and the defendants Norris, in amounts specified; that, on said day, Roberts was unable to pay his debts and was insolvent; that the defendants Norris, copartners under the firm name of Norris Brothers, brought an action against Roberts upon their claim, and attached all said personal property of Roberts, except book accounts and bills receivable; that the defendants Norris, with the fraudulent purpose of obtaining the exclusive possession and control of the assets of Roberts, and of preventing his other creditors from sharing therein and receiving any portion of their claims therefrom, induced Roberts not to apply for the benefit of the insolvent law, but to assign to them all his book accounts and bills receivable, and to surrender to them all his interest in the personal property attached, upon their promise that they would collect and realize said bills and accounts to the best advantage, and would hold the proceeds of the same and of the personal property for the benefit of all the creditors of Roberts, and would distribute said proceeds and assets among all the creditors in proportion to their respective claims; that said creditors of Roberts, including the plaintiff, were induced to forbear bringing actions upon their claims against him, upon the promise of the defendants Norris to convert said assets into money, and hold the same for the common benefit of all the creditors of Roberts, and distribute the same proportionally among all said creditors; that, in further pursuance of their fraudulent purpose, the defendants Norris proceeded

to reduce said assets of Roberts to money, and denied that the plaintiff and the other creditors of Roberts were entitled to any part of said proceeds, and refused to account for and distribute the same among said creditors, but claimed to hold all said assets as their own property; and that all said assets of Roberts in the hands of the defendants Norris were held in trust for the common benefit of all the creditors of Roberts in proportion to their respective claims.

The prayer of the bill was for discovery, for an account, and for general relief.

At the hearing in the Superior Court, before *Knowlton*, J., before any evidence was introduced, the defendants asked the judge to rule that the plaintiff could not maintain his bill, as framed, for the following reasons: "1. Because it appears by the bill itself that there are persons who ought to be made parties to the suit, who have not been made parties. 2. Because it does not appear by the bill that the plaintiff had in fact any authority to bring the suit on behalf of the creditors mentioned in the bill."

The judge refused so to rule; and made an interlocutory decree, establishing the existence of the trust as alleged in the bill; ordering all creditors holding valid claims against Roberts, and not voluntarily appearing to prove such claims, to be cited to prove them before a master, by publication of a citation therefor in a manner specified; providing that all creditors not appearing and becoming parties to the bill, when cited thereto, should be debarred from any share in said trust fund, and that all creditors appearing and becoming parties to the bill should be entitled to share in said trust fund in proportion to the amount of their respective claims, and to receive their dividend therefrom; and referring the case to a master to hear all parties interested, to receive proof of all claims of creditors holding valid claims against Roberts, and to return to the court a statement showing the total amount of the trust fund in the hands of the defendants Norris, the names of the creditors who should prove their claims, and the amount of such claims. The defendants alleged exceptions.

*C. H. Conant & J. H. Carmichael*, for the defendants.

*F. W. Qua & A. G. Lamson*, for the plaintiff.

MORTON, C. J.  It is at least doubtful whether exceptions taken in the course of the trial in a suit in equity in the Superior Court can properly be entered in this court until there has been a final decree in the case.  But, waiving this, it is clear that these exceptions cannot be sustained.

The bill is brought by the plaintiff, on behalf of himself and numerous other creditors of Vital Roberts, to enforce a trust. The interest of all the creditors in the question to be tried is the same.  It is well settled that such a bill may properly be brought, or at least that it is within the discretion of the court to entertain it.  *Sears* v. *Hardy,* 120 Mass. 524.  *Smith* v. *Williams,* 116 Mass. 510.  *Birmingham* v. *Gallagher,* 112 Mass. 190. *Bryant* v. *Russell,* 23 Pick. 508.  Story Eq. Pl. § 102.

In such cases, the court will take measures to see that all the creditors interested have the opportunity to come in and protect their rights.  This has been done by the interlocutory decree entered in the Superior Court, which guards the rights of all parties in interest.                                    *Exceptions overruled.*