## Frank E. Johnson v. Mathew J. Steffens et al.

1. CONTRACTS—*Enforcement in Equity.*—Courts of equity will not lend themselves to the enforcement of contracts when it appears that the subject-matter possesses no value to the complainant, or a value that rests only in the realms of fancy, speculation, and conjecture, or that is beneath the dignity of the court.

**Memorandum.**—Bill for relief. Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed June 4, 1894.

The opinion states the case.

S. K. DOW and JOSIAH BURNHAM, attorneys for appellant; DOW, WALKER & WALKER, of counsel.

JOSEPH WRIGHT, attorney for appellees.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was a bill in chancery filed upon an oral agreement to compel Mathew J. Steffens, defendant, to convey to Frank E. Johnson, complainant, an undivided half interest in certain letters patent granted to said Steffens by the United States for a certain invention by which finished photographs could be automatically taken, with or without sunlight, by means of an apparatus which should be set in motion by dropping a coin in the slot, of sufficient value to compensate for the photograph; also for an injunction to prevent Steffens from selling, assigning or transferring said letters patent, by issuing licenses or otherwise; also for a discovery and an accounting.

The defense is, that no such contract as claimed, was made, and the arguments filed in this court on both sides, are mostly devoted to that single issue of fact.

The evidence was taken in open court before the chancellor, and the bill was dismissed for want of equity. Under such circumstances, it would require a much stronger and

clearer preponderance of evidence than is to be found in this record, to justify a court of review in overthrowing the conclusion of the chancellor upon a question of fact. But we do not know that the learned chancellor who heard the cause, dismissed the bill upon the sole ground that the appellant had failed by his evidence to establish the alleged contract.

After a thorough examination of the evidence, it would more nearly comport with our own views of its effect, to justify the dismissal of the bill upon the sole ground that the patent which was the subject of the alleged contract had not sufficient value to be a subject of cognizance in equity.

Courts of equity will not lend themselves to the enforcement of contracts when it appears that the subject-matter possesses no value to the complainant, or a value that rests only in the realms of fancy, speculation and conjecture, or that is beneath the dignity of the court. Story's Equity Pleadings, Secs. 500–2; Daniell's Chancery Pl. & Pr. 328–9.

Notwithstanding all the hopes and expectations that may have centered upon the alleged invention, or the illusive promises and undertakings which may have at one time been entered into with reference to the patent in controversy, it is perfectly apparent from the evidence, that the patent does not and never will, possess sufficient value, if any at all, to compensate the appellee to any appreciable exent for his disbursements on account thereof, which, concededly, must be repaid before the appellant can have any share. The decree of the Circuit Court is therefore affirmed.