## Oliver G. Dunnom, Impleaded with The M. Thomsen Manufacturing Company v. Max Thomsen.

1. CHANCERY—*Enforcing Abstract Rights.*—A court of chancery will not entertain a bill to enforce a mere valueless abstract right, and the court will, of its own motion, raise the point for its own protection.

2.  SAME—*Appeals in.*—In chancery, an appeal is, in effect, a retrial of the case upon the record of the court below, with presumptions that conclusions there drawn from oral testimony are correct. All matters, whether of discretion or positive law, are subject to review.

**Bill for Specific Performance.**—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Submitted at the March term, 1895, of this court. Reversed and remanded. Opinion filed April 22, 1895.

FLOWER, SMITH & MUSGRAVE, attorneys for appellant.

ROSENTHAL, KURZ & HIRSCHL, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

April 3, 1894, the parties above named exchanged these instruments:

" Whereas, Max Thomsen, of the city of Chicago, county of Cook and State of Illinois, has applied for letters patent for certain improvements in curling irons, etc.; that one application is No. 498,372, and there are two other applications which were applied for in the early part of March, 1894, the numbers of which are unknown to him; that for and in consideration of the sum of one dollar, the said Max Thomsen assigns, sells and sets over unto Oliver G. Dunnom, one-third of all right, title and interest which the said Max Thomsen has or may have in said invention and applications, and does further agree that immediately upon receiving said letters patent, he will assign in proper and formal manner, to the said Dunnom, one-third of all the right, title and interest in said patents, to be held and enjoyed by the said Dunnom, for himself, etc., to the full end of the term for which said letters patent are granted, the intent of this agreement being to assign, sell and set over by said Max Thomsen a one-third interest absolute in the three applications for patents on the curling irons and their improvements, as if the said patents had been granted now.

Signed, sealed, etc., the third day of April, 1894.

MAX THOMSEN.  [SEAL.]

Witness:   J. B. GASGOIGNE."

"CHICAGO, April 3, 1894.

MAX THOMSEN,

DR. SIR: In consideration of your selling and assigning to me a third interest in your pat. curling irons, I agree to get up a stock company for the manufacture and sale of the said irons, and failing to do so, I will re-assign my interest as conveyed to me this date, back to you.

OLIVER G. DUNNOM."

What was to be curled the case does not show.

Then followed this correspondence:

"CHICAGO, April 4, 1894.

FRIEND DUNNOM: I have thought the matter over from all sides, and am convinced that I would not be satisfied if a company like you propose would be started. In the first place the bankers would want the control and the presidency. Second, from what I have learned since, it would be impossible for you to guarantee me my patent in case it would not turn out the way we anticipate, as it then would be the property of the company, and belong to the assets, and as I do not want to lose it, I would rather not risk it.

I am very sorry to have put you to so much trouble, but I think it is better now than later, and kindly ask you to drop the matter, as I am about to sell my store and hope to be soon in better circumstances and ready to make better propositions than I am now. Hoping you will not feel offended, I remain,

Yours,

MAX THOMSEN."

"CHICAGO, April 4, 1894.

FRIEND THOMSEN: You have no reason to back out. Why did you not think this matter over before you made your proposition? I did not ask you for any partnership, and did not know that you had any patent, but after I have made my arrangements, according to your wishes, I can see no reason why that I should be laughed at by my people, who are willing to do what you, through me, have asked them to do.

Not one promise on our side has been broken, whereas

you change your mind every day, and you have no reason to do this, for we will do whatever is honest and fair and you will get every cent due, with all benefit from a pushing business.

Yours, etc.,

O. G. Dunnom."

April 20, 1894, the appellee executed this instrument:

"Whereas, I, Max Thomsen, of the city of Chicago, county of Cook and State of Illinois, have invented certain new and useful improvements in curling irons, and have prepared and executed proper description and specifications of the same, and have made applications for letters patent of the United States, numbers 498,372 and 504,796.

Now, this indenture, witnesseth: That for and in consideration of the sum of one dollar ($1) and other good and valuable considerations, receipt of which is hereby acknowledged, I hereby agree to sell and transfer all of my right, title and interest which I have or may have in and to the said inventions in consequence of the grant of letters patent therefor, to a corporation, to be known when formed as The M. Thomsen Manufacturing Company, for fifteen (15) shares of the capital stock of this company named above, at the face value of one hundred dollars ($100) per share, complete transfer to be made of all my right and title in said patents to M. Thomsen Manufacturing Company immediately after its incorporation.

In witness whereof I have hereunto affixed my hand and seal this 20th day of April, A. D. 1894.

Max Thomsen. [Seal.]

Witness: R. J. Frank."

June 11, 1894, the appellee filed this bill, afterward by amendment, making The M. Thomsen Manufacturing Company a defendant, which appeared and answered, alleging the organization of the Thomsen Company, and that in it the appellee "is holding a large interest." There is not either in pleading or in evidence any showing that either the patents or the stock of the corporation is of any value. This is fatal. A court of chancery does not concern itself

with mere disputes. Johnson v. Steffens, 54 Ill. App. 193. And that value is involved must appear by the record. Watson v. Wells, 5 Conn. 468.

The court will raise the point for its own protection against trifling; case last cited.

The decree, among other matters directing an assignment by the appellant to the Thomsen Company, is reversed and the cause remanded.

Reversed and remanded.

MR. JUSTICE GARY, ON REHEARING.

It is urged that the parties have treated the patents as of value by business arrangements, but it does not appear that in fact any business has ever been entered upon. Also that the commissioner of patents adjudged the invention to be new and useful, but if we are to regard that adjudication as a ground of presumption, it is only as a presumption of fact, and observation teaches that probably not one patent in a hundred has ever repaid the expenses of suing it out. If we are to presume anything upon the subject of value from the issue of patents, and organization of a corporation, and be guided by experience, we must presume that any money invested will be lost, and that all at stake will not prove as valuable as the ice, which in Cummings v. Barrett, 10 Cushing, 185, approved in Smith v. Williams, 116 Mass. 510, was held to be a subject-matter too trifling in value for the court to entertain.

The bill avers " that the manufacture of the article under said patent would be greatly delayed and impaired by " litigation, which can hardly be true, as the owner of part of a patent may act and license others to act under it. Curtis, Pat., Sec. 190, *et seq.;* Bump, page 193, *et seq.*

There is nothing in the case to indicate that the appellant or appellee are likely ever to make any curling irons, nor what they would be good for if made; so that for aught that appears, the bill is to enforce, at most, a mere valueless abstract right.

Citing in the original opinion 5 Conn. was a blunder, induced by Dan. Chy., 329, note 3.

In chancery an appeal is in effect a retrial of the case upon the record of the court below, with presumptions that conclusions of fact there drawn from oral testimony are correct. "All matters, whether of discretion or positive law, are subject to review." Moore v. Bracken, 27 Ill. 23.

Our duty does not require us to review theories simply. There is enough of serious business to occupy our time.

Rehearing denied.