# William V. Tascher and Centaur Novelty Manufacturing Company v. George W. Timerman.

1.   COURTS OF EQUITY—*Will Not Entertain Frivolous Controversies.*— It is the duty of a court of equity to prevent its time from being consumed in frivolous controversies, to the detriment of suitors who are entitled to its attention, and it will decline to entertain them, although the defendants make no specific objection on this ground by demurrer or otherwise.

2.   CORPORATIONS—*Agreement Concerning Management of, Not Enforced Specifically.*—A contract between two parties who are about to form a corporation, in regard to the management of the corporation, which is not assented to by other persons who subsequently acquire interests in such corporation, will not be specifically enforced.

**Bill,** for receiver and injunction. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 28, 1896.

WM. R. WAGNER, attorney for appellants.

LOUIS M. GREELEY, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

October 22, 1895, Tascher and Timerman made an agreement as follows:

"AGREEMENT.

William V. Tascher,          George W. Timerman,
       Mishawaka, Ind.               Denver, Col.

In consideration of the sum of three hundred dollars ($300) in hand paid, the receipt of which is hereby acknowledged, I, William V. Tascher, enter into an agreement with George W. Timerman for the sale, transfer and delivery to the said G. W. Timerman, of one-half interest in the Centaur Novelty Manufacturing Co., of Mishawaka, Ind., same being duly incorporated, with a capital stock of $25,000, upon the following conditions:

1st.   That the said G. W. Timerman is to place the sum of

five thousand dollars ($5,000) into the treasury of the Centaur Novelty Manufacturing Co., this consideration to belong to this above mentioned corporation, and the money to be expended in enlarging and extending the business of the Centaur Novelty Mfg. Co., into all parts of the United States. The principal outlay being for the purpose of new and additional machinery, in the employment of traveling salesmen, in the liberal advertising of the products, in the payment of labor, in the purchase of raw materials for the manufacture of the products, and for the general expenses of conducting the business of the Centaur Novelty Mfg. Co.

2d.   That the said William V. Tascher shall assign and set over to the Centaur Novelty Mfg. Co. the patent No. 406,837, which he now owns, and also that he will assign to the said Centaur Novelty Mfg. Co. any improvements upon the said patent for which patents may be secured.   That the Centaur Novelty Mfg. Co. shall have exclusive right to manufacture and sell the goods that are produced and protected by the above mentioned patent, in all markets in the United States, and that the Centaur Novelty Mfg. Co. shall at no time be required to pay a royalty or tax upon the same, other than to pay the actual cost of securing the new patents.

3d.   That the general management of the business shall be conducted by W. V. Tascher and G. W. Timerman, each to share the same and alike in all business matters, and each to receive a salary of one hundred dollars ($100) per month, until other conditions are mutually agreed upon, and each is to devote his entire time and energies to the business of the Centaur Novelty Mfg. Co., unless otherwise mutually agreed upon.

4th.   That the office and plant of the Centaur Novelty Mfg. Co. may be removed from its present quarters to any desirable city which may be mutually agreed upon, to be for the best interest of the above mentioned company, and the expense incurred in removing shall be paid by the above mentioned company.

5th.   That the consideration of three hundred dollars above mentioned, is to apply upon the principal consideration

of five thousand dollars ($5,000), and that the balance of $4,700 shall be paid into the treasury of this above mentioned company by not later than December 1, 1895.

In witness whereof we have hereunto set our hands and seals this twenty-second day of October, 1895.

WILLIAM V. TASCHER,    [SEAL.]
GEORGE W. TIMERMAN,    [SEAL.]"

The bill herein filed by Timerman alleges the existence of the corporation; that $5,000 was paid by the wife of Timerman and stock transferred—five shares to Timerman, ten thousand shares to the wife, twenty-four hundred and ninety-five shares to another man of the same name, whose relationship, if any, is not shown.

The offices and plant of the company were brought to Chicago and business was conducted by Tascher and Timerman until July 1, 1896, when Tascher turned Timerman out of the management and took exclusive control.

This bill is filed upon the theory that by the agreement between them, Tascher and Timerman were partners in the management of the company, and that to exclude Timerman is a violation of their agreement.

The bill contains much criticism upon the conduct of Tascher in the management of the business, and upon his capacity as such manager, but no charge of any fraud committed or intended by him against the corporation.

Now, the shares of this corporation are one dollar each, nominally, and were sold at the price of fifty cents each; so that Timerman has an interest in the corporation of which the utmost extent is five dollars.

Merely upon the ground that he is a stockholder, the stake he has is too trifling for a court of equity to take cognizance of the case.   Dunnom v. Thomsen, 58 Ill. App. 390.

" It is the duty of the court, in order to prevent its time from being consumed in frivolous controversies, to the detriment of suitors who are entitled to its attention, to decline to entertain them, although the defendants make no specific objection on this ground, by demurrer or otherwise." Chapman v. Banker and Tradesman Co., 128 Mass. 478.

Tascher v. Timerman.

There is no allegation that any other stockholders are dissatisfied, and if they were, and joined as complainants, a court of equity is very loth to take upon itself the conduct of the affairs of a corporation. Wheeler v. Pullman Iron and Steel Co., 43 Ill. App. 626, 143 Ill. 197.

We are not prepared to say what should be done if the stock of a corporation is equally divided between holders who are adverse to each other, so that officers can·not be elected.

The claim for relief is put by the complainant upon the ground, quoting from his brief, that " The contract between Timerman and Tascher was in substance a partnership agreement. That was the essence of the contract, and the mere fact that the business was carried on under the form of a corporation was an unimportant detail, as far as this case is concerned. Timerman is entitled to the usual equitable relief accorded in cases where one partner, in violation of the partnership agreement, excludes the other from participation in the business. That relief is an accounting and a distribution of assets after paying debts—substantially the relief prayed in appellee's bill. A court of equity will not be prevented from granting that relief by the fact that the business is conducted under corporate forms, even if the incorporation be in a foreign State. Except when the rights of creditors are involved the shareholders own the corporation and its assets, and a court of equity would have no hesitation in dividing these assets among shareholders in the interest of justice and right."

But the bill does not show that the other stockholders ever knew that they were to be, much less ever assented to be, mere servants without interest, of Tascher and Timerman, and that their respective holdings of stock gave them no rights in the corporation.

For aught that appears, everybody holding stock, except Timerman, regards the corporation as a real entity, having its corporate actual existence, and themselves as having valuable interests in it as such corporation.

Against their will Timerman has no claim that the business of the corporation shall cease, and that, practically, it

shall be destroyed by depriving it of the means to prosecute its business.

The contract between Tascher and Timerman is not one which a court of equity will specifically enforce, and for any injury which Timerman has sustained, by a breach of it, a court of law is open to him. We express no opinion as to what may be done by amendments of the bill.

As the complainant had no standing in a court of equity, the order of the Circuit Court appointing a receiver, from which order this appeal was taken, was wrong, if it stood by itself; but fifteen days before that order was made, an injunction was allowed which in effect prevents Tascher from carrying on the business of the corporation, and from that order there is no appeal.

A receiver is therefore necessary unless the court below voluntarily retraces its steps, and the order appealed from is affirmed at appellant's costs.