MARY CUPPY et al.

v.

FRANCES E. W. ALLEN et al.

*Opinion filed October 24, 1898—Rehearing denied December 13, 1898.*

SPECIFIC PERFORMANCE—*equity will not enforce abandoned contract.*
An agreement to convey land, at the owner's death, in considera-
tion of the promisee moving into the owner's house and taking care
of him in his advanced years, will not be enforced in equity where
the evidence shows the contract was abandoned by a cash settle-
ment, based upon the value of the board and attention received by
the promisor, less the rent for the house for a portion of the time
when he was residing elsewhere.

WRIT OF ERROR to the Circuit Court of Sangamon
county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

McGUIRE & SALZENSTEIN, for plaintiffs in error.

GEORGE W. MURRAY, and COLBY & LANPHIER, for
defendants in error.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the
court:

This is a writ of error brought to reverse a decree dis-
missing for want of equity a bill for specific performance.

James A. Barger, a bachelor, the uncle of the com-
plainants, owned certain premises in the village of Loami,
in Sangamon county, consisting of four lots, upon which
he had a small dwelling house. The value of the prem-
ises was about $500, and their rental value was upwards
of $5 per month. Letha Cuppy, his niece and the mother
of the complainants, lived with her husband and her said
two daughters in the same village on premises belonging
to her, of about the same rental value. The evidence
tended to prove that in April, 1887, Barger made a verbal
contract with Letha Cuppy, whereby she and her family
were to live in his house free of rent, and furnish him
board, lodging and washing, for which, beside the rent,

he would pay her $5 per month, and at his death she was to have the property. He was sixty-two years old, and was a man of some wealth. Letha Cuppy, with her family, occupied the premises of Barger in pursuance of the contract, and performed it according to its terms until her death, in August, 1888. The evidence further tended to prove that after the death of Mrs. Cuppy, Barger said to the daughters, the complainants, that if they would stay there and keep house for him he would do for them what he had agreed to do for their mother, and they should have the property at his death. He remained and boarded with them until June 20, 1894, when, as it appears, he left at the instigation of defendant in error Frances E. Allen, and made his home with another niece. He became sick a month before, and was waited on by Mrs. Allen, who seemed to have more influence over him than any one else. He was then indebted to the complainants for more than two years' board, their bill as presented being upwards of $160, which included damages to carpet, etc. He insisted it was too much, and a final settlement was effected by his attorney while he was sick at Mrs. Brash's house, whence he had removed from his own house, as before stated. The terms of the settlement were that he paid complainants $147.75 in full of all demands, and they were to remain in the premises until October 1, 1894, when they were to vacate. In the settlement the rent of the house from the date of the settlement until October 1 was reckoned at $10, and nothing was said by the complainants about their right to have the property at Barger's death. They surrendered possession and removed to their former home, in accordance with the settlement. Barger died February 4, 1895, and complainants filed their bill for the specific performance of the contract on May 24, 1895. On July 24, 1894, Barger made a deed conveying the property in question to defendant in error Allen, then Mrs. Waterman, for the expressed consideration of $500, but in fact for no, or only

a nominal, consideration, and pending the suit Mrs. Allen conveyed to the other defendant in error the same premises for only a nominal consideration.   Other facts were shown, some of which tended to rebut the proof that the contract was that complainants were to have the property at Barger's death, and it appeared that from $2.50 to $3 per week was a reasonable price in the village for the accommodations received by Barger, and defendants in error contend that the rent of the premises and the $5 per month fully paid for all he received, and that the proof is insufficient to establish the alleged verbal contract that the complainants were to have the property at Barger's death, and, even if sufficient, that the contract was abandoned by both parties.

The evidence, much of which we regard as unnecessary to a correct decision of the case, does not tend to satisfy the mind that the complainants were fairly dealt with by defendant in error Mrs. Allen, or even by Barger. Still, we have no doubt that the learned chancellor decided correctly in dismissing the bill.   Specific performance will not be decreed except in a clear case.   It rests in the sound judicial discretion, and will not be granted in a doubtful case.   Even if it were clearly established that the contract was as alleged by complainants, still it could not be specifically enforced for one reason, if for none other, and that is, that it was abandoned by all parties.   We think the evidence shows a voluntary surrender of the premises at the time agreed upon, and a payment of rent for about two months before such surrender, and that the complainants did not then claim that they had any interest in the property or right of possession of the same, but, on the contrary, gave Barger a receipt in full of all demands and surrendered the property to him without reservation.   A contract which has been abandoned by the parties will not be specifically enforced.   *Hale* v. *Bryant*, 109 Ill. 34.

The decree must be affirmed.        *Decree affirmed.*