### William A. Lagow, Appellant, v. John Hill et al., Appellees.

1. INJUNCTION—*when does not lie at instance of taxpayer.* An injunction does not lie against school directors at the instance of a mere taxpayer where it does not appear that he has been injured in his property rights or that such rights are in anywise threatened or in danger.

2. SCHOOLS—*power of directors to lease school property.* Held, that the lease of school property made the subject of attack in this case was within the authority of the school directors to make.

Bill in equity. Appeal from the Circuit Court of Lawrence county; the Hon. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed September 12, 1908.

GEE & BARNES, for appellant.

GEORGE W. LACKEY, NOAH M. TOHILL and J. A. BENSON, for appellees.

MR. JUSTICE MYERS delivered the opinion of the court.

This was a proceeding by bill in equity filed by appellant as a taxpayer against appellees as school directors, to enjoin and prevent the use by certain fraternal societies of an otherwise unoccupied part of a

school house in a district where appellant owns land subject to taxation. A temporary injunction was granted, which, upon final hearing by the court, upon bill, answer and replication, was dissolved and the bill dismissed for want of equity. To reverse this decree an appeal was taken and the record brought to this court for review.

It appears from the evidence that in District No. 6, township 5, north range 11 west, in Lawrence county, there is a large two-story brick school building erected years before the commencement of this suit. The building was much larger than was required or needed for school purposes. There were two school rooms on the first floor and on the floor above one large room and a small room designed for a superintendent's office when there should be a superintendent and need for an office. In order to supplement and enhance the meager funds that could be raised by taxation within the legal limit, and thereby maintain the school for the full period of six months during the year, the directors rented the unoccupied and unused upper part of the building to certain fraternal societies for lodge purposes. For this they realized and turned into the school fund about $75 a year. It was the express understanding and agreement between the directors and lodges that the leases or lettings were contingent upon the need of the premises for school purposes, and could be terminated by the directors at any time. Whether so understood or not, the lodges were tenants at sufferance and could have been ousted by the directors at any time the premises were needed for school purposes. There is no allegation, averment or proof that the school house or school property was in any way damaged, or that the schools. were in any manner disturbed or interfered with, or that teachers, pupils or patrons were inconvenienced, annoyed or molested in any way. It does not appear that anybody, other than appellant, ever complained, so that it may fairly be inferred that other citizens

and taxpayers in that neighborhood and district are unconscious of the alleged wrong-doing of the directors. It is not shown or contended in argument, that appellant or any other taxpayer has been injured one cent by reason of the thing complained of. The taxes have not been increased, nor is the collection and appropriation to public use of the rent received calculated to increase the burden of the taxpayer. It is an established principle in equity practice, that where it appears from the pleading or evidence, at any stage of the proceedings, that the complainant has not been injured in his property rights, and that such rights are in nowise threatened or endangered, his bill should be dismissed. ''A court of chancery will not entertain a bill to enforce a mere valueless abstract right and the court will of its own motion raise the point for its own protection.'' Dunnom v. Thompson Mfg. Co., 58 Ill. App. 390. The action of the directors in this case was within the express powers conferred by statute, which provides that ''they shall have the control and supervision of all school houses in their district, and may grant the temporary use of school houses when not occupied by schools  *  *  *  for such meetings as the directors may deem proper.'' The letting of the premises was only ''temporary'' within a reasonable construction of the statute, the lodges being tenants at sufferance, under their lease as well as under the law, subject to ouster whenever the directors so willed. They occupied the premises from time to time and day by day, and the length of time they have so used and been in possession of a part of the school building does not determine the character of their lease or privilege. The decree of the Circuit Court was right and should be affirmed.

*Affirmed.*