## The Landon-Sharp Machine Company, Appellant, v. Frederick G. Frankenberg et al., Appellees.

1. PATENTS, § 10*—*validity of contract of assignment.* A contract to assign a patent *held* insufficient to warrant its enforcement as a continuing contract, though valid so far as carried out.

2. PATENTS, § 16*—*when bill does not show right to specific performance of contract to assign.* A bill for the specific performance of a contract to assign a patent, *held* not to show right to relief, when it appeared therefrom that complainants had abandoned the contract and that the patent was worthless.

Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914.

MILLER & SMITH, for appellant.

ZANE, MORSE & McKINNEY, JOHN M. ZANE, E. BENTLEY HAMILTON and CLARENCE E. ELDRIDGE, for appellees.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

This is a bill for the specific performance of a contract to assign a patent. A general and special demurrer was filed by the defendants to the bill, and on a hearing the demurrer was sustained and the bill dismissed for want of equity.

The bill alleges that the Landon-Sharp Machine Company is a corporation duly organized under the laws of the State of Illinois, by Byron S. Landon and William A. Sharp and George H. Klump, prior to the eleventh day of March, 1900; that prior to the organization of the corporation said Landon, Sharp and Klump were salesmen in the city of Chicago, and Frankenberg, one of the defendants, was the inventor of certain improvements in tobacco stripping machines;

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that Frankenberg was wholly without means to develop his inventions or even to make application for patents thereon, and that he agreed with Landon, Sharp and Klump that if they would supply funds to secure patents and to build an experimental machine he would assign the patents to them. An application for a patent was filed and the work of constructing a machine was begun; but the agreement between the individuals was shortly thereafter superseded by the contract with the corporation now to be set forth.

On or about March 17, 1900, a written contract was duly executed between Frankenberg and the Landon-Sharp Machine Company by which the latter agreed to pay all expenses of applying for and securing patents on inventions relating to tobacco stripping machines then or thereafter made by Frankenberg; also to supply the necessary capital for the building and testing of an experimental machine or machines, including the expense attending the making of working drawings, material, labor, etc.; also to pay to the said Frankenberg the sum of $10 per week for such time as he might devote to the said invention during the existence of the agreement; and also in the event that a successful commercial tobacco stripping machine should be produced by the joint efforts of the contracting parties, to issue to Frankenberg one-fourth of the capital stock of the Landon-Sharp Machine Company. Frankenberg agreed in the same contract to prepare working drawings for the construction of machines in accordance with his inventions then made or thereafter to be made, and from time to time to supervise and to assist in the work of constructing the machines and in the experimental operation thereof, and to assign to the Landon-Sharp Machine Company all inventions pertaining to tobacco stripping machines which had theretofore been made by him or which should be made by him during the existence of the agreement, together with all patents issued or to be issued for such inventions. It was also agreed that the contract

520     APPELLATE COURTS OF ILLINOIS.

The Landon-Sharp Machine Co. v. Frankenberg, 190 Ill. App. 518.

should remain in force until the Landon-Sharp Machine Company should demonstrate to its satisfaction whether or not a commercial tobacco stripping machine could be built in accordance with Frankenberg's inventions. The bill also alleges the loss of many of the papers belonging to the Landon-Sharp Machine Company, including the contract with Frankenberg; alleges in detail the complete fulfilment by the Landon-Sharp Machine Company of the terms of the contract, and that sums were advanced to Frank enberg in excess of the amount required by the contract; that every effort was made to develop a commercial machine, including the construction of five successive experimental machines requiring the expenditure of more than $50,000 by the Landon-Sharp Machine Company; that after six years of futile experiments the Landon-Sharp Machine Company became convinced that no successful commercial machine could be constructed along the lines then being followed by Frankenberg and thereupon terminated the contract; that the contract remained in force during the whole of the time from March 17, 1900, to some time in the year 1906, and that payments were made to Frankenberg on such contract until 1906.

The bill also alleges that Frankenberg on the seventeenth day of March, 1900, executed an assignment to the Landon-Sharp Machine Company of a certain application then pending; that subsequently thereto four patents were applied for and issued as follows:

"No. 677,407, July 2, 1901, Tobacco Stripping Machine.

No. 715,651, Dec. 9, 1902, Tobacco Stripping Machine.

No. 715,652, Dec. 9, 1902, Tobacco Stripping Machine.

No. 776,018, Nov. 29, 1904, Tobacco Stripping Machine."

That all of said letters patent, with the exception of No. 677,407, issued on July 2, 1901, were duly assigned by Frankenberg to the Company; that until the fifteenth day of October, 1912, the Landon-Sharp Ma-

chine Company supposed and believed that this patent 677,407 had also been assigned to it in the same manner; that all the expense of obtaining this patent was paid by the Company; that the patent was, when issued, delivered to the Company and still remains in its possession; that the records of the patent attorney employed to procure the patent show that he rendered to the Landon-Sharp Machine Company a bill for the drawing and recording of an assignment of the said patent or of the application therefor; and finally that the defendant Frankenberg has heretofore admitted in the presence of a witness that it was his intention to assign all of the patents, and that he believed he had assigned this patent No. 677,407, but no record of such assignment can now be found.

The bill also alleges a prompt notice and demand upon Frankenberg, to wit, on the sixteenth day of October, 1912, and the refusal of Frankenberg to assign the patent to the Company; that the appellee Frankenberg is employed by the appellee Automatic Stemmer Company, which is engaged, or is about to engage, in the business of manufacturing tobacco stemming machinery, and that upon Frankenberg's refusal to execute the assignment the appellant notified the said Automatic Stemmer Company of the facts hereinbefore set forth and of the right of the appellant to have an assignment of the patent; that verbal notice was given on the sixteenth day of October, 1912, to the secretary of the Automatic Stemmer Company and that formal written notice to the same effect was served on the Automatic Stemmer Company on October 17, 1912, but notwithstanding such notice, and having full knowledge of appellant's rights in the premises, the appellee Automatic Stemmer Company caused to be executed on the eighteenth day of October, 1912, and subsequently caused to be recorded in the United States Patent Office at Washington, an assignment by Frankenberg to the Automatic Stemmer Company of all his rights, title and interest in and to the said pat-

ent, which assignment recites that said Frankenberg is the sole owner of said patent; and that by virtue of such assignment the Automatic Stemmer Company is asserting title to said patent, to the great and irreparable injury of the appellant.

The bill prays specific performance by Frankenberg of his contract to assign United States letters patent No. 677,407, and that the Automatic Stemmer Company be required to join in such assignment, for an injunction restraining the assignment of the said patent to others, and for general relief.

It is argued that the contract is void for want of mutuality. While it cannot be enforced as to continuing the contract, it is we think, a valid contract, so far as carried out, but other questions are decisive of the case. The contract was abandoned by complainants, appellants, in 1906, so they allege in their bill. The contract having been abandoned by them they cannot enforce it. *Cuppy v. Allen,* 176 Ill. 162; *Cheney v. Ricks,* 168 Ill. 533. The allegations of the bill show that the patent is worthless and therefore an assignment will not be ordered. *Johnson v. Steffens,* 54 Ill. App. 193; *Dunnon v. Thomsen,* 58 Ill. App. 390.

Complainants having abandoned the contract and declined to promote the venture should not be permitted to tie up the defendants from the use of something they do not desire and refuse to use. They should have continued their efforts to make the patents a commercial success. Having abandoned it they may not after six years be heard to say it should be resurrected. The decree was right and is affirmed.

*Affirmed.*