## SUSAN DANBY *vs.* SAMUEL E. DAWES.

### Hancock.   Opinion December 8, 1888.

*Probate.   Petition.   Jurisdiction.   Amendment.*

A petition asking that administration be granted on the estate of a person deceased, in which it is alleged that such person died intestate, possessed of goods to be administered, implies goods of the amount to authorize administration.

The judge of probate would not in fact have jurisdiction unless it turns out that the intestate died possessed of personal property of the value of at least twenty dollars, or that he owed debts of that amount and had real estate of that value.

And it would be better practice to so aver in the petition for administration. The petition in this case, or in any such case, may be amended by permission of the judge of probate.   That court may allow amendments.

ON EXCEPTIONS.

This was an appeal from the probate court appointing an administrator on the estate of Joseph Dawes, deceased. The appellant alleges, among other reasons for the appeal, that sufficient facts were not alleged in the petition for appointment, and that sufficient facts did not exist to authorize the granting of administration.

The presiding justice, in this court, found that sufficient facts

did exist, and ruled that administration could lawfully be granted in the present proceeding, and passed a decree affirming the appointment of an administrator by the probate court.

Appellant excepted to this ruling and decree.

*Hale and Hamlin*, for appellant.

The petition should allege sufficient facts to show the matter clearly within the jurisdiction of the court. This petition does not allege either that "the deceased left personal estate to the amount of at least twenty dollars, or owed debts to that amount and left real estate of that value."

The record of the probate court must show jurisdiction. *Overseers of Fairfield* v. *Gullifer*, 49 Maine, 360; *Gross* v. *Howard*, 52 Maine, 197.

The allegations in a petition are not presumed to be true, if not objected to, but their truth must be made to appear. Waterman's Probate Practice, p. 3; cases *supra; Moore, Admr.* v. *Philbrick*, 32 Maine, 102; *Bean, Admr.* v. *Bumpus*, 22 Maine, 549; *Record, Adm'r.* v. *Howard, Admr.*, 58 Maine, 225.

*Wiswell, King and Peters*, for appellee.

The finding of the appellate court upon the question of fact presented by the appeal is conclusive. *Crocker* v. *Crocker*, 43 Maine, 562. That issue, then, is not before this court. Upon the question of jurisdiction, counsel cited *Veazie Bank* v. *Young*, 53 Maine, 555; *Wiggin, Admr.* v. *Swett*, 6 Met. 197; *Deering* v. *Adams*, 34 Maine, 44; *Gilman* v. *Gilman*, 53 Maine, 188; *Boynton* v. *Dyer*, 18 Pick. 1.

PETERS, C. J. A petition was filed in the probate court, asking the appointment of an administrator on the estate of Joseph Dawes, alleging that he "died intestate, possessed of goods remaining to be administered, leaving no widow." The question presented by the exceptions is whether, under such a petition, an administration can be legally granted. The appellant contends that the petition on its face fails to show that the judge had jurisdiction, because it does not aver either that the intestate died possessed of personal property of the value of at least twenty

dollars, or that he owed debts of that amount and left real estate of that value. The statutes require that such a condition of the estate shall exist in order to authorize administration. R. S., c. 63, § 6, and c. 64, § 1.

The appellee contends that the petition implies that sufficient facts exist to warrant administration, that "property to be administered" means an amount exceeding twenty dollars, and that the statutes are satisfied by the proof to be furnished rather than by the allegations made.

While we would not discourage formal and orderly proceedings in the probate court, we think that the technical strictness of allegation which the appellant invokes is not indispensable, and that his exceptions must be overruled. That court is not one of general or common law jurisdiction, and formal pleadings are unknown in its proceedure. Its practitioners are largely persons who do their own business before the court, or unprofessional persons whom their neighbors have employed to act for them.

The appellant correctly contends that the records of the probate court must show that it had jurisdiction in the cases in which it acts. Still it does not necessarily follow that the petition shall aver everything which may be proved to authorize jurisdiction. We think the form of petition in this case is one which has been principally used in probate court practice in this state for many years, and still the form of allegation which the argument of the appellant prescribes as the correct one would no doubt be better pleading.

Why does not the record in this case indicate jurisdiction? The presiding judge found as a basis for his ruling all facts necessary to confer jurisdiction, namely, that the intestate died leaving real estate to the value of at least twenty dollars, and owing debts of that amount. These findings will be as much a part of the record as the petition will be. The same findings should and it is to be presumed, will appear in the record of the court below. By R. S., c. 64, § 1, no administration is to be granted, "unless it appears to the judge" that the requisite amount of estate was left by the deceased. The fact must be found by the judge whether alleged or not.

The probate judge had ample authority at any time, and will continue to have until the proceedings are closed, to allow the petitioner to amend his petition. In *Edds & wife*, appellants, 137 Mass. 346, where a petition for the adoption of a child was objected to as insufficient because not containing all the allegations to make out a case, the court said, "We do not think that the technical rules of pleading should be stringently applied in a case of this kind. It is more important that the petition should contain facts * * * which would give information to those interested than that it should be formally correct as a pleading. If practically insufficient the probate court can order an amendment."

The cases cited by the appellant do not bear out the technical proposition advocated by him. In *Gross* v. *Howard*, 52 Maine, 192, the petition did not aver sufficient facts to give jurisdiction over the subject-matter involved in the petition, and the decree found no facts other than those averred, and still the court discussed and considered facts extraneous of both the petition and decree in arriving at their conclusion. In *Fairfield* v. *Gullifer*, 49 Maine, 360, a demurrer was filed in the appellate court to a petition for guardianship, and the petitioner saw fit to join the demurrer, instead of asking for an amendment, as a direct mode of ascertaining whether the facts alleged were sufficient; he undoubtedly having no other facts to stand upon.

*Exceptions overruled.*

DANFORTH, LIBBEY, EMERY, FOSTER and HASKELL, JJ., concurred.