HARRY O. GURDY, Appellant

from decree of Judge of Probate.

Knox.     Opinion December 24, 1907.

*Probate Appeal.   Adverse Judgment.   Same no Bar, when.  Entry of Appeal.
"Accident or Mistake."   Judicial Discretion.   Jurisdiction.   Practice.
Procedure.   R. S., chapter 65, section 30.*

1.   When an appeal from the decree of the Probate Court refusing to issue
     letters testamentary is decided adversely to the appellant, on the ground
     that it did not appear in the appeal or in the reasons therefor that the will
     had been allowed or admitted to probate, that judgment is not in law a bar
     to a petition, filed during the pendency of the appeal proceedings, for leave
     to enter and prosecute an appeal from the decree refusing to admit the
     will to probate.

2.   On the hearing of a petition for leave to enter and prosecute an appeal
     from a decree of the Probate Court, the question whether previous appeal
     proceedings and the judgment thereon are a bar to the petition is a ques-
     tion of law, to the decision of which by a Justice of the Supreme Court of
     Probate exceptions will lie.  If no exceptions are taken, the ruling is
     conclusive on the parties, if the court had jurisdiction.

3.   On the hearing of a petition for leave to enter and prosecute an appeal
     from a decree of the Probate Court, the questions whether the failure sea-
     sonably to claim or enter the appeal was through accident or mistake,
     whether it was without the fault of the petitioner, and whether justice
     requires a revision of the decree, present issues of fact.   The determination
     of the Justice thereon and the exercise of the judicial discretion conferred
     on him are final and conclusive.

4.   When leave is granted to enter and prosecute such an appeal, by a
     Justice having jurisdiction, matters of fact or law which were heard and
     determined by him cannot be heard again upon a motion to dismiss the
     appeal which he granted.

5.   The only question which can be open on such a motion is whether the
     Justice had jurisdiction to grant leave.

6.   If a Justice hear such a petition in vacation by agreement of the parties,
     and enters his decision on the docket as of the last day of the preceding
     term which he held, the parties are concluded by the entry.

7.   The Supreme Court of Probate has jurisdiction to hear such a petition at
     a term later than the first one after the petition is filed.  Whether the
     petitioner has used due diligence in prosecuting his appeal, and giving
     notice, and whether, for want of diligence, he should be refused relief, are
     questions addressed to the judicial discretion of the presiding Justice.

8. A decree on such a petition that an appeal be allowed and prosecuted is equivalent to a decree that an appeal may be entered and prosecuted.

9. If the decree granting leave to enter and prosecute an appeal fails to designate the term to which the appeal is to be entered, the entry of the appeal at the next term of court is seasonable and authorized.

On exceptions by appellee.    Overruled.

Appeal from the decree of the Judge of Probate, Knox County, refusing to admit to probate a copy of a certain instrument as the last will and testament of Harrington Osgood, late of Rockland in said county, deceased.

The case fully appears in the opinion.    Also see *Gurdy, Appellant*, 101 Maine, 73.

*Arthur S. Littlefield*, for appellant.

*J. H. Montgomery*, for appellee.

SITTING :    EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, JJ.

SAVAGE, J.    The appellant in 1904 sought upon his own petition to obtain the probate of the will of Harrington Osgood.    After the hearing, the Probate Court made a decree disallowing the will. This appellant claimed an appeal on the ground that the Probate Court had refused to issue letters testamentary, and filed his reasons therefor.    Proper notice was given.    The appeal was entered in the Supreme Court of Probate at the January term, 1905, and after various proceedings went to the Law Court upon the appellant's exceptions, and was there argued.    The exceptions were overruled by the Law Court December 29, 1905, on grounds not touching the merits of the original question of the allowance or disallowance of the will.    See *Gurdy, Appl't*, 101 Maine, 73.

Meanwhile on November 14, 1905, and within one year from the filing of the original decree in Probate Court, the appellant, apparently apprehending an unfavorable disposition of his first appeal, filed a petition for an appeal from the decree disallowing the will and prayed for leave to enter and prosecute it.    He alleged in substance that the former failure to prosecute an appeal on that ground was through accident or mistake or otherwise, and that it

was wholly without his fault, and that justice required a revision of said decree.

At the January term of court following, notice was ordered on the petition, and not having been given, a new order of notice was issued at the April term, 1906. At the September term following, service of notice having been made on a part only of the persons interested, another order was made for service on the remainder, and was duly served. No hearing was had during the succeeding January term, 1907, but by agreement, the matter was heard in vacation by a Justice of this court, and his decree granting the petition was filed as of the last day of the January term.

Thereupon, this appellant, on March 15, 1907, filed in the Probate Court his appeal and reasons therefor, service was made on the adverse parties, and the appeal was entered at the April term, 1907, and continued. At the September term, 1907, C. W. Hussey, who had been appointed administrator of the estate of Mr. Osgood, filed a motion to dismiss the appeal, for the following reasons:

"1. That from the decree of the Judge of Probate mentioned in said appeal, an appeal was had by said Harry O. Gurdy within the time allowed for appeals, and the same has been heard and determined by this court.

"2. That if no appeal was taken by the said Harry O. Gurdy within the time allowed, it was not by reason of any accident, mistake, defect of notice or otherwise without fault on his part, as alleged in his said appeal.

"3. That the above entitled appeal is irregular, unauthorized and insufficient."

At the hearing upon this motion the appellee offered to prove the facts in substance, as hereinbefore set forth in the history of the prior proceedings in this case, and that at the hearing on the petition for leave to enter an appeal, he had opposed it for those reasons. He claimed that the decision and judgment in the first appeal proceedings were a bar to the present appeal. The court ruled that the evidence offered, even if admissible, would furnish no sufficient ground for sustaining the motion to dismiss, and denied

the motion.   The case is now before us on the appellee's exceptions to this denial.

As to the claim made under the first ground in the motion to dismiss, namely, that the judgment in the prior appeal is a bar to these proceedings, it is sufficient to say that the issue presented by this appeal was not heard or determined in the prior case.   It there appeared that the appeal and reasons were imperfectly and inartificially taken and drawn, and did not present the only ground upon which an appeal could have been taken.   There was, in terms, no appeal from the refusal to probate the will.   It was only an appeal from the refusal to grant letters testamentary.   It is not necessary to cite authorities to the effect that a judgment which did not and could not decide a particular issue is not a bar to a subsequent proceeding brought to decide that issue.

But there is another answer to this ground in the motion to dismiss, and it applies as well to the second ground.   They both relate to matters which were determined and decided by the Justice who heard the petition for leave to appeal.   The first ground involved a question of law.   The Justice decided it adversely to the appellee.   To such a ruling exceptions lie, and the appellee might have preserved his rights by taking exceptions.   This he failed to do.   The point is not now open to him.   He cannot do now under a motion to dismiss, that which he might and should have done, if he felt aggrieved, in the earlier proceeding.   The decision of the Justice is binding upon him, if the Justice had jurisdiction.

The second ground of his motion to dismiss relates to the decision by the Justice of questions of fact and the exercise of a judicial discretion.   These questions were determined by the Justice and to his determination exceptions did not lie.   This court can neither review nor revise his exercise of the discretion which the statute conferred on him.   *Sawyer* v. *Chase*, 92 Maine, 252.   If he had jurisdiction, his determination is binding upon the appellee.   In no event can matters, within the jurisdiction of the Justice, which were heard and determined by him, be heard again upon a motion to dismiss the appeal which he granted.

It follows that the only question open on the motion to dismiss,

so far as the first two grounds are concerned, is, — whether the Justice had jurisdiction to act.

It is not denied that when an interested party, from accident, mistake, defect of notice or otherwise without fault on his part, omits to claim or prosecute an appeal, the Supreme Court of Probate has authority to allow an appeal to be entered and prosecuted with the same effect as if it had been seasonably done. R. S., chap. 65, sect. 30. But in this case, the appellee contends that for certain reasons to be stated, the Justice hearing the petition did not have jurisdiction. First, because the hearing was had in vacation. But the hearing was had by agreement, and the entry of the decision of the Justice was made as of the last day of the term. In these particulars the case differs from *Powers* v. *Mitchell*, 75 Maine, 364, cited by the appellee. And in such a case as this, we think the parties should be concluded by the entry on the docket. Secondly, it is contended, that at the time when the decision was made, the court no longer had any jurisdiction of the matter, because of the delay of the petitioner in causing service to be made upon interested parties, and in securing a hearing. The appellee relies especially upon that clause of section 30 above cited which provides that "said petition shall be heard at the next term after the filing thereof." But that clause has recently been interpreted by this court adversely to the contention of the appellee. *Graffam* v. *Cobb*, 98 Maine, 200. Whether the petitioner had used due diligence in prosecuting his petition, and whether, for want of diligence he should have been refused relief, were questions addressed to the sound discretion of the Justice who heard the petition, and do not go to the matter of jurisdiction. It certainly was within his jurisdiction to hear the case at a term later than the first one after the petition was filed. *Graffam* v. *Cobb*, supra.

But outside the question of jurisdiction, it is contended that the decree allowing the appeal is irregular in form and insufficient in substance to authorize the entry of an appeal. It is in these words, "that an appeal be allowed from said decree and prosecuted with the same effect as if it had been seasonably done." The appellee contends that the statute did not authorize the court "to

allow an appeal," but only to allow the petitioner to enter and prosecute an appeal. We are unable to perceive the distinction. To allow an appeal to be entered and prosecuted is to allow an appeal, and to allow an appeal means to allow it to be entered and prosecuted. If the appeal had been seasonably taken originally, but failed of being entered, it might be entered under this decree. If it had not been seasonably claimed, as was the fact in this case, an appeal might be entered with the same effect as if it had been seasonably claimed in the first place. The decree was sufficient in this respect.

Finally, the appellee contends that the decree was faulty because it failed to designate a term of court at which the appeal should be entered, and that the entry at the next term of court was unseasonable and unauthorized. We think not. Although the Justice making the decree did not designate a term of court at which the appeal should be entered, he directed service of the appeal and the reasons therefore to be made upon the adverse parties. This would seem necessarily to imply that the appeal was not intended to be entered at the term on the last day of which the decree was made. And an entry at the next term seems to the court to have been seasonable and authorized. The statute does not specify the term at which an appeal granted shall be entered, nor does it prescribe the procedure of taking and entering the appeal. The court granting leave to appeal may designate the time for filing the appeal, order notice and fix the term of entry. It did not do so in the present case, except to order notice. In such a case, we approve the procedure as to filing and entry which was adopted in this case. We do not see how the appeal could have been entered earlier than it was, and the entry ought not to have been delayed to a later term.

We have examined all the other suggestions advanced by the counsel for the appellee, but we do not find any that are tenable, or that require further consideration.

*Exceptions overruled.*