S. MERRITT FARNUM, Appellant from Decree of Judge of Probate, in re Fees and Disbursements in Estate of MARY M. LEIGHTON.

Cumberland.    Opinion February 13, 1911.

*Exceptions.   Appeal.   Reasons for Appeal.   Sufficiency.   Guardian and Ward. Statutes.   Revised Statutes, chapter 69, sections 4, 7, 8.*

Exceptions will not be sustained when it appears that the excepting party was not injured or prejudiced by the ruling complained of.

A reason for appeal from dismissal of a petition for an allowance in a guardianship matter under Revised Statutes, chapter 69, section 8, that the ruling "was contrary to the law and the facts," is sufficient where the appeal proper shows the nature of the matter and the decision.

An appeal from a dismissal of a petition for an allowance, in a guardianship matter, under Revised Statutes, chapter 69, section 8, is triable de novo.

A statute will be given the construction that appears most reasonable and best suited to accomplish its object.

Revised Statutes, chapter 69, section 8, authorizing an allowance from a ward's estate for reasonable expense in defending guardianship proceedings, includes all expenses reasonably incurred and extends to expenditures by a third person, permitting him to invoke the statute on his own behalf, and not requiring him to enforce his demand as an ordinary creditor.

A claim under Revised Statutes, chapter 69, section 8, for expenses in defending a ward against guardianship proceedings, is properly presented by petition in the name of the claimant.

On exceptions both by appellant and by appellee.    Overruled.

Appeal from the decree of the Judge of Probate, Cumberland County, dismissing the petition of the appellant, brought under the provisions of Revised Statutes, chapter 69, section 8, for the allowance of his disbursements and counsel fees in defending Mary M. Leighton in proceedings instituted under the provisions of Revised Statutes, chapter 69, section 4, for the appointment of a guardian to her.

The case is stated in the opinion.

*Oakes, Pulsifer & Ludden,* for appellant.

*Howard & A. B. Davies,* for appellee.

SITTING :  EMERY, C. J., SAVAGE, SPEAR, CORNISH, KING, JJ.

KING J,  Proceedings were instituted in the probate court for Cumberland County, Maine, under the provisions of chap. 69, sec. 4, et seq, for the appointment of a guardian to Mary M. Leighton. There was no appearance and consequently no contest over the proceedings in the probate court, and a guardian was appointed as applied for, but from that decree an appeal was taken in behalf of the ward to the Supreme Court of Probate, where after hearing the decree of the probate court was affirmed. Thereafter, the following petition was presented to the judge of the probate court:

"In the estate of Mary M. Leighton.

Respectfully Represents, S. Merritt Farnum, of Auburn, Maine, that he was employed as an attorney-at-law by Mary M. Leighton, ward, to defend her in connection with the Guardianship proceedings instituted against her, and that the annexed account includes a true and just statement of the cash expenses incurred by him, and that he believes the amount therein charged for services to be reasonable and proper : Wherefore, he prays that the said annexed account may be allowed, and that the court will order the same to be paid by the Guardian from the estate of said ward, as the first charge upon the estate."

The petition was brought under chap. 69, sec. 8, R. S., which reads as follows: "When a guardian is thus appointed, the judge shall make an allowance, to be paid by the guardian from the ward's estate, for all his reasonable expenses in defending himself against complaint."

After hearing the judge of probate decided adversely to the petition and endorsed thereon "Petition dismissed." From that decision the petitioner took an appeal to the Supreme Court of Probate, assigning three reasons of appeal. In the appellate court the guardian filed a motion to dismiss the appeal because the reasons of appeal were insufficient. The presiding Justice ruled that the first and second reasons of appeal were insufficient, but that the third reason was sufficient, and overruled the motion to dismiss. Both parties excepted to that ruling.

1. Appellant's exceptions.

It is well settled that exceptions will not be sustained when it appears that the excepting party was not injured or prejudiced by the ruling complained of. *State* v. *Bennett*, 75 Maine, 590. The only effective ruling of the court in this case was in favor of the appellant. His appeal was not dismissed. It is still pending in the appellate court as if no motion to dismiss it had been made. The appellant has not been injured by the ruling. His exceptions must, therefore, be overruled.

2. Appellee's exceptions.

The third reason of appeal, which the presiding Justice held sufficient, was "Because the said ruling of court was contrary to law and the facts." The appellee contends that this reason of appeal "is so incomprehensive and vague that no proper cause of appeal is presented therein, entirely failing as it does to inform interested parties as to what issue is involved in the appeal."

In his appeal proper, preceding the reasons of appeal, the appellant sets out with clearness and precision the matter of his petition before the probate court, and the decision of the court thereon, and states that he is aggrieved by the decree of the court whereby his petition "was dismissed." We think the third reason of appeal is not vague, but sufficiently comprehensive under the circumstances.

The decree appealed from "dismissed" the petition, thereby denying the petitioner's entire claim. He appealed from that decree because it "was contrary to law and the facts." What more should, or could, he have said to inform interested parties of the issue involved in his appeal? It was not incumbent upon him to state the evidence which he presented to the court below. But he does say in this reason of appeal, in effect, that his claim was established below, both in law and in fact, and therefore that the decree denying it was erroneous. The matter is to be heard de novo in the appellate court. He will not be limited there to the evidence produced in the probate court. The appellate court will determine upon the evidence presented to it whether the petitioner's claim should be allowed in whole or in part. The appellee's exceptions must also be overruled.

3. The question of the jurisdiction of the court is suggested. It is urged that the provisions of sec. 8, supra, are for the exclusive benefit of the ward, under which he only may be reimbursed for "his reasonable expenses" in defending himself against the guardianship proceedings; that a third party who has incurred expenses and performed services, although for the same purpose, cannot in his own behalf, and upon his own petition, invoke the provisions of that statute; that such a claim should be presented and enforced against the ward's estate in the usual way, like that of any other creditor.

At first it might seem that there is merit in the suggestion, but upon a more careful consideration of the statute and the apparent reason for its enactment it is, we think, obvious that such is not the construction it should receive. "In construing a statute like this the court must consider the nature and reason of the remedy, and, from the language used, give effect to the intention of the legislature if that can be ascertained. . . . This intention is to be sought for by a careful examination and consideration of all its parts, and not from any particular word or phrase that may be contained in it." *Berry* v. *Clary*, 77 Maine, 482-485.

Proceedings under sec. 4, c. 69, R. S., for the appointment of a guardian to a person over twenty-one years of age, involve, not only the proposed ward's right to manage his own estate, but also the custody of his person. It needs no argument, therefore, to emphasize the necessity that such person should have the fullest opportunity to defend himself against such proceedings. A person in the shadow of an application that he be put under guardianship because incompetent to manage his own estate, would necessarily find it difficult, if not quite impossible, to procure the prompt and valuable services of others necessary to protect and defend him, unless there was some provision for the payment of the reasonable expenses thus incurred, other than that applicable to the general creditors of his estate. But the provisions of our statute, enacted to be sure for the protection of the ward's estate from improvident contracts, will, if enforced, render the ward utterly helpless to defend himself, and powerless to procure the assistance of others.

It is provided in section 7 of the same chapter that when an application for a guardian is made, and notice thereon ordered, the applicants may cause a copy thereof to be filed in the registry of deeds in the county, and, if a guardian is appointed, all contracts, except for necessaries, made by the ward after said filing, are void. In a word, then, a person against whom an application for a guardian has been made is thereby necessarily hindered and impeded in defending himself against it, and he may be, under the provisions of the statute, rendered utterly helpless and defenseless in the premises. It was to afford a remedy for such condition that the statute was enacted, and it should be construed, if permissible, to effectuate such remedy.

Where a particular construction of a statute would lead to an absurd consequence, it will be presumed that such was not the intention of the legislature, and "such construction will be adopted as shall appear most reasonable and best suited to accomplish the objects of the statute." *Com.* v. *Kimball*, 24 Pick. page 370. It would certainly lead to an absurd consequence to give to the statute in question a construction that the phrase "his reasonable expenses in defending himself against complaint" refers only to such expenses as the ward had paid, and that the guardian should be ordered to pay them, from the ward's estate, back to the ward himself. And it would be equally absurd to hold that the statute means that the guardian is to pay to the ward, who is incompetent, such expenses as he had reasonably incurred for his defense, but had not paid.

On the other hand, we think, the construction most reasonable, and best suited to accomplish the manifest object of the statute, is, that the "reasonable expenses," which the judge of probate may allow, include all the expenses that have been reasonably incurred in defending the ward against the application for guardianship, and that such expenses, if allowed, are to be paid by the guardian from the ward's estate to the person found entitled to them. If such construction is not within the strict literal interpretation of the statute, it is, we believe, clearly within the intention of the statute, and fully effectuates the essential remedy which must have been the purpose of its framers to provide.

It only remains to consider if the procedure adopted in this case is permissible.  We think it is.  The statute is silent as to the procedure by which a claim for such an allowance may be presented to the judge of probate.  Evidently it may be done through the petition of some one.  But it is not to be expected that the ward would present such a petition, for his *incompetency* is the reason for the guardianship.  Neither does it seem reasonable that the guardian only should have authority to petition that such an allowance be made from the ward's estate.  His trust rather requires that he should appear to defend the ward's estate against such a claim, at least, to ensure its fullest investigation and proof.

What objection, then, can there be to the method of procedure adopted in this case, the petition of the person who claims to be entitled to the allowance?  We are unable to discover any.  His petition presents the whole matter to the judge of the probate court who will then deal with it, as to notice of time and place of hearing, and other proceedings, as justice and equity seem to him to require. "Probate procedure, in this State, should be conducted upon the rules of the broadest equity, whenever the provisions of statute do not conflict with that view.  Substantial justice should be awarded by methods conducive to economy and dispatch, and without unnecessary circuity of action or prolixity in procedure." *Ela* v. *Ela*, 84 Maine, 423-429.

It is the opinion of the court that the exceptions of both the appellant and the appellee should be overruled, but without costs for either, and that the case stand for further proceedings in the supreme court of probate.

*So ordered.*