BLANCHE WOODS MERRILL, Applt.,

*vs.*

ANNIE WOODS REGAN, Executrix of
and Claimant against the Estate of Mary Woods, Appellee.

Cumberland.   Opinion March 15, 1918.

*Executors and administrators.   Procedure in presenting private claim of executrix
against the estate which she represents.   Rule where private account has been
allowed by Judge of Probate being open to attack when executrix
files account in which the amount of the private claim is
included.*

Mary Woods died April 29, 1913, leaving a will which was duly allowed June 3,
   1913.   The appellee was appointed executrix of the will and assumed the dis-
   charge of that trust.   The estate was solvent.   On June 25, 1913, the appellee,
   being then executrix of the will, and having a private claim against the estate,
   presented that claim to the Probate Court, setting forth the amount, nature and
   grounds of the same, and praying that it might be examined and allowed by the
   court.   Upon this claim, and prayer for examination and allowance, notice was
   given by publication for three successive weeks in two newspapers published in
   Portland, and personal notice was given to the appellant by service in hand, on
   July 3, 1913, of an attested copy of the petition and order of court.   The return
   day upon which examination of the claim was to be made was fixed as July 15,
   1913.   The appellant did not appear upon the latter date, either in person or by
   counsel, and on July 17, 1913, a hearing was had and the Judge of Probate, by
   decree of that date, allowed the claim, fixing the amount at fifteen hundred
   sixty dollars.   No appeal from this decree was taken.

Nearly two years later, namely on March 18, 1915, the appellee filed in Probate
   Court an account of her administration and prayed for its allowance.   The
   first item in that account which she sought to have allowed was her private
   claim, the nature and amount of which was stated with considerable detail, and
   contained a reference to its allowance made by the Probate Court and the date
   of the decree of allowance.   This account was allowed by the Probate Court, in
   turn was allowed in the Supreme Court of Probate, and exceptions were taken
   by the appellant as above stated.

*Held:*

1.   The procedure was in accordance with the provisions of law relating to the
   establishment of private claims of an executrix against a solvent estate.

2.  The claim was stated with sufficient particularity to meet the requirements of the statute.

3.  The decree of the Probate Court allowing the private claim of the executrix, previous to filing her first account, not being appealed from, was res adjudicata.

Appeal from Judge of Probate allowing account of executrix. At Supreme Court of Probate the decree allowing the account of the executrix was affirmed by presiding Justice; from which ruling appellant filed exceptions. Judgment in accordance with opinion.

Case stated in opinion.

*William H. Gulliver*, for appellant.

*Joseph E. F. Connolly*, for appellee.

SITTING: CORNISH, C. J., SPEAR, KING, HANSON, PHILBROOK, JJ.

PHILBROOK, J. Mary Woods, late of Portland, aunt of both parties to this cause, died April 29, 1913, leaving a will which was duly allowed June 3, 1913. The appellee was appointed executrix of the will and assumed the discharge of that trust. On June 25, 1913, the appellee, being then executrix of the will, and having a private claim against the estate, presented that claim to the Probate Court, setting forth the amount, nature and grounds of the same, and praying that it might be examined and allowed by the court. Upon this claim, and prayer for examination and allowance, notice was given by publication for three successive weeks in two newspapers published in Portland, and personal notice was given to the appellant by service in hand, on July 3, 1913, of an attested copy of the petition and order of court. The return day upon which examination of the claim was to be made was fixed as July 15, 1913. The appellant did not appear upon the latter date, either in person or by counsel, and on July 17, 1913, a hearing was had and the Judge of Probate, by decree of that date, allowed the claim, fixing the amount at fifteen hundred sixty dollars. No appeal from this decree was taken.

Nearly two years later, namely on March 18, 1915, the appellee filed in Probate Court an account of her administration and prayed for its allowance. The first item which she sought to have allowed was set forth in the following language:

"Annie Woods Regan—private claim—of the Executrix—against the deceased for board, lodging, clothing, medicine and medical

attendance, furnished the testator from April 29, 1907, to April 29, 1913, 312 weeks at $5.00 per week, as appears more fully by petition now filed of record in said court, to which reference is made for more particular description of said claim, and which said petition was presented to the Honorable Justice of said Probate Court at the June 27, 1913 term thereof, notice thereon being ordered returnable at the July 15, 1913 term of said court, service of the same being ordered made by publication and by service in hand on the co-residuary, which said services by publication and in hand were made as appears by the return of the officer on the petition aforesaid, and, after hearing in said Probate Court, at a term thereof held July 17, 1913, said claim of said executrix, as presented in said petition, was allowed for the sum of.................................................................................................................$1560.00"

Upon this account, in which the private claim was made one of the items, due notice was given and at the return day of the notice the appellant appeared and filed in writing her objection to the allowance of the account, and declared that the item of $1560. was not a just or legal claim against the estate.

On October 25, 1915, the Judge of the Probate Court allowed the account, after some amendments which had no reference to the private claim of the executrix, and from the decree of allowance an appeal was taken to the Supreme Court of Probate. The reasons of appeal were twenty-four in number. At the hearing before the Supreme Court of Probate some of the reasons of appeal were dismissed by agreement of the parties, others were dismissed by order of the presiding Justice, who made certain findings of law and fact, allowed the private claim and affirmed the decree of the Probate Court in allowing the account of the executrix.

Exceptions were taken by the appellant and allowed by the presiding Justice. The real issues narrow down to the questions involved in the allowance of the private claim and the procedure followed in making that allowance. As stated by the appellant in her brief: "The main issues raised by the appellant's exceptions are: first, whether the procedure adopted by the claimant for the purpose of establishing her private claim against the estate of the deceased Mary Woods was in accordance with the statutes of the State of Maine relative to the establishment of such claims; second, whether the private claim of the executrix was 'particularly stated in writing' as required by the statute; and, third, whether the decision of the Judge

of Probate, in allowing the private claim of the executrix previous to the filing of the account, was res adjudicata, and therefore that the appellant was not entitled to be heard when the account of executrix including such private claim was presented for allowance, and was not entitled to be heard on the allowance of the private claim of the executrix at the time of the hearing on the account in the Supreme Court of Probate, and was not entitled to request the Judge of Probate to submit such private account to referees agreed upon in writing by the interested parties present."

Was the procedure of the claimant in accordance with the statute? By far the greater part of the appellant's argument is devoted to a negative answer to this question and, indeed, we should be doing practical justice to the appellant if we should say that her entire case stands or falls accordingly as this question is determined. The first and second issues, as stated in the quotation just made from the appellant's brief, may be with propriety united in one issue since both relate to procedure. As to the third issue we may properly aver that it stands or falls upon the decision of the other two.

It has already appeared that the private claim was presented to the Judge of the Probate Court nearly two years before the account, the allowance of which is the cause of this litigation, was presented for acceptance and allowance. It has already appeared that the appellant had full and timely notice of the presentation of this private claim but for some reason best known to herself she made no opposition to it when presented.

She now argues that, as there is no blank prescribed for the presentation of a private claim of an executrix against a solvent estate, the claimant used a blank designed for presentation of such a claim against an insolvent estate, with some modifications, and hence confusion arose which opened the first door to irregular procedure. Her argument upon this point is not persuasive. "The statute establishing uniformity in the use of blanks in the probate court is not to be so construed as to deprive the petitioner of his remedy if there is no prescribed form adapted to the existing situation." *McKenzie* v. *Hospital Association*, 106 Maine, 385.

But the chief burden of the appellant's complaint lies in the fact that there was an adjudication of the private claim before, and apart from, the time when the appellee presented this contested account. She relies with much confidence upon the expression "in his account"

which occurs in R. S., Chap. 68, Sec. 66, which reads as follows: "No private claim of an executor or administrator, against the estate under his charge, shall be allowed in his account, unless particularly stated in writing; if such claim is disputed by a person interested, it may be submitted to referees agreed upon in writing by the interested parties present, or their agents or guardians; and the judge may accept, or recommit their written report, made pursuant to the submission, and decree accordingly." It must be conceded that the Judge of Probate Court who made the decree on July 13, 1913, allowing the private claim, had jurisdiction over the parties, the estate and the subject matter in dispute. "If the executor or administrator has a private claim against the estate it must be specially passed upon by the probate judge or the payment of it cannot be allowed." *Wilson on Probate Practice*, Edition of 1896, page 192. The statute, to be sure, permits a reference under a written agreement of the parties interested and present, but this reference is not made a matter of absolute right and is at best subject to the approval or otherwise of the Probate Judge. Neither does the statute point out the time when a hearing upon such a claim may be held, nor limit such hearing to the time when the administrator files his first or subsequent account. In *Ela* v. *Ela*, 84 Maine, 423, this court said "Probate procedure, in this State, should be conducted upon the rules of the broadest equity, whenever the provisions of statute do not conflict with that view. Substantial justice should be awarded by methods conducive to economy and dispatch, and without unnecessary circuity of action or prolixity in procedure." This principle was approved in *Farnum's Appeal*, 107 Maine, 488, a case where a bill for professional services of an attorney, in opposing the appointment of a guardian, was presented after the guardian was appointed. The statute was silent as to the procedure by which the petition for allowance of such a claim might be presented to the Probate Court. The court declared that the "petition presents the whole matter to the judge of the probate court who will then deal with it, as to notice of time and place of hearing, and other proceedings, as justice and equity require." In the case at bar the claim was presented in proper form to the Judge of the Probate Court having jurisdiction of the parties, the case, and the subject matter of the controversy. He gave personal notice to the appellant, heard the petitioner, made a decree from which no appeal was taken. We think that the controversy then became res adjudicata.

As to the statement of the item in the account presented in the allowance, we have examined the same carefully, noting as a part of the statement the reference to prior proceedings and files of the court and are of opinion that the statement meets the requirement of the statute.

This conclusion covers also the elements of the third issue and the mandate must be,

> *Exceptions overruled.*
> *Decree of Supreme Court of*
> *Probate affirmed with costs.*