ANDREW M. CHAPLIN,

APPELLANT FROM DECREE OF JUDGE OF PROBATE.

Androscoggin.    Opinion, January 17, 1933.

*Ralph W. Crockett*, for appellant.
*Oakes & Farnum*, for appellee.

SITTING : PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

DUNN, J.   The will of Mary E. Bradford, late of Lewiston (whose decease occurred in 1917), created a trust. The trust attached, and the trustees qualified. They later disagreed. The trouble arose over the selling price of certain shares of the capital stock of a merchandising corporation, located and doing business in the former home city of the testatrix. Some of the shares the testatrix herself had owned; the rest the trustees had received as a dividend. The will provided that the trustees might retain the investment without fear of personal loss. This provision did not, it might be noted in passing, entirely obviate the necessity of exercising that good faith and diligence which is at once the duty of a trustee, and his protection.

For four years prior to 1931, the stock had paid no dividend.

Designating herself a trustee, and alleging that she and her three daughters, whom the petition named, were the beneficiaries of the trust, one of the trustees applied—under R. S., Chap. 82, Sec. 10—to the Probate Court, that she be authorized to sell the stock for $13,500, and reinvest the proceeds. She also prayed for directions in reference to best effectuating the objects of the trust.

Personal notice was ordered, and made, on the co-trustee. No other notice was ordered. The co-trustee appeared. His counsel objected to the petition,—assigning, first, that it had been filed by but one of the trustees; next, that in view of the discretion confided in the trustees, the petition was unnecessary; still further, that the Court should not take jurisdiction, in the absence of a showing of an abuse of that discretion. On these grounds, dismissal of the petition was urged.

The petition, as framed, fell short of what would have been better pleading, but technical strictness was not indispensable. When jurisdictional allegations are sufficient, the Probate Court has authority, at any stage, to the close of the proceedings, on finding the necessary facts to exist, to allow amendment of merely formally incorrect pleading. *Danby* v. *Dawes*, 81 Me., 16 A., 255. Massachusetts holds that if the pleading is practically insufficient, an amendment may be ordered. *Edds & wife, Appellants*, 137 Mass., 346. *Ela* v. *Ela*, 84 Me., 423, 24 A., 893, is an authority on the equity of probate proceedings. See, too, *Farnum's Appeal*, 107 Me., 488, 493, 78 A., 901 ; and *Merrill* v. *Regan*, 117 Me., 182, 186, 103 A., 155.

The Probate Court overruled the objections. The three daughters of the petitioner (now appellee) became parties to the proceedings. The case was heard on the merits, without suggestion of surprise or prejudice. The position of the trustees on the record, as petitioner or respondent, was immaterial ; both were actors. The one introduced evidence tending to support the petition ; opposition went to the value of the stock. Apparently the Court regarded the petition as amended in conformity with the proof.

The duties and liabilities of co-trustees are joint and not individual. They form, as it were, one collective trustee, and must execute the duties of their office in their joint capacity. Perry on Trust, Sec. 411 ; Lewin on Trusts & Trustees, p. *258 ; *Cox* v. *Walker*, 26 Me., 504. On sustaining the petition, the Probate Court decreed that the trustees sell the stock, within ten days ; a minimum price of $13,500 was fixed.

The respondent appealed to the Supreme Court of Probate, which Court the Superior Court is. R. S., Chap. 75, Sec. 31.

Briefly, the reasons of appeal were:

1. The failure of the petition, as drawn and presented by one trustee, without mention of the co-trustee, to state a case wherein the Probate Court had power to authorize the petitioner alone to sell.

2. That, on the petition and prayer, the Probate Court could not decree that the trustees sell the stock.

3. That the Probate Court improperly substituted its discretion for that of the trustees.

4. That refusal on the part of the appellant, as a trustee, to assent to a sale of the stock for less than its worth, was not evidence of an abuse of his discretion.

There was stipulation of record, in term time, that the presiding Justice hear the appeal in vacation, judgment to be as of the term. That this agreement was conclusive on the parties, they do not question. See, as having analogy, *Gurdy, Appellant*, 103 Me., 356, 360, 69 A., 546.

When the cause came on to be heard, rulings of law were requested, that the Court could not, under the petition as drawn, order and direct either the one (appellee) trustee, or both trustees, to sell the stock. These requests were expressly denied. Other requested rulings, in reference to (a) the substitution of judicial discretion for that of the appellant trustee; (b) the want of authority in the court—no abuse of discretion being shown—to interfere with the exercise of a trustee's judgment; (c) that refusal to join in a sale of the stock for less than its fair value, was not an abuse of discretionary authority; (d) that if the book or liquidating value of the stock exceeded the price mentioned, or even if that price was "all it was worth," mere refusal to sell would not be evidence of an abuse of discretion;—were not ruled in the language of the requests, but only as embodied in the findings and rulings of the Justice. Exceptions were noted to the refusals to rule, and to the rulings made.

It is sufficient to say, of the first exception, that a sale by one trustee alone was not decreed. Such a sale would have been void. *Wilbur* v. *Almy*, 12 How., 180, 13 Law ed., 944.

The second exception demands more consideration. Where, because of fundamental difference in their points of view, testamentary trustees apply to a Judicial Court for the advice they think they need, they must bring in all necessary parties. *Cary* v. *Talbot*, 120 Me., 427, 431, 115 A., 166. Whether this was done, is raised by the exception.

The provisions of the will, introduced into the evidence, and instanced in the briefs, as material to the decision of this case, are as follows:

"Second: The personal property which may constitute a portion of said trust estate, including the proceeds derived

from a sale of all or any part of my interest in said homestead, shall be held by said trustees upon the following uses, purposes and trusts: . . .

"(c) The balance of the net income of said trust fund shall be applied during the life of my daughter, Grace L. Jordan, first to the payment of the taxes, insurance and repairs, or my proportion of the same, required to maintain my interest in the homestead at No. 91 Pleasant street hereinbefore referred to, and the balance of said income shall during the lifetime of said Grace L. Jordan be paid to her.

"Third: At the death of said Grace L. Jordan, if the same occurs after my youngest surviving grandchild has arrived at the age of twenty-three years, the surviving trustee shall distribute said trust fund in equal proportions among the children of said Grace L. Jordan who may then be living and the issue of any deceased child, such issue taking the share its deceased parent would have taken if living; . . ."

Counsel are in accord that, gathering the intention of the testatrix, not from one clause of the will, but from the whole will and all its parts, and adopting a construction which gives force and effect to every word and clause, the "youngest surviving grandchild" of whom the testatrix speaks, is that one of the three daughters of Grace L. Jordan (all living when the testatrix died) who was last to attain the age of twenty-three years.

A general equity rule, harmonizing with the principles of justice, requires that all persons interested in the object of the suit, and within the jurisdiction, and capable of being made parties, must be made such, else their rights will not be bound. *Miller* v. *Whittier*, 33 Me., 521. In a case like the present, as has been seen, a similar rule applies. *Cary* v. *Talbot*, supra.

General rules usually admit of some exceptions. The reason of such exceptions is thus laid down: "If they are required to be parties merely as the owners and protectors of a certain interest, then the proceedings may take place with an equal prospect of justice if that interest receives an effective protection from others. It is the interest which the Court is considering, and the owner merely as the guardian of that interest; if, then, some other persons are

present, who, with reference to that interest, are equally certain to bring forward the entire merits of the question, the object is satisfied for which the presence of the actual owner would be so required, and the Court may, without putting any right in jeopardy, take its usual course and make a complete decree." Calvert on Parties, Sec. 2, p. 20; *Sweet* v. *Parker*, 22 N. J. Eq., 453.

It will be remembered that the petition was for the sale of the. trust property; and reinvestment of its proceeds, subject to the trust. The interests of all persons in being were before the Court. No antagonism of interests was presented. No interest might be divested. Mrs. Jordan could protect not only her own interest, but the contingent interest of possible afterborn persons,—i.e., "issue" (the term being used in its restricted sense)—which, if born to any of her three daughters, might, at the end of the trust, take what their parent would have been entitled to have and receive if then living. True, Mrs. Jordan, as a trustee, is one of the holders of the legal title, but she also has a life interest in the trust estate.

There being a possibility of issue (children) being born to the daughters of Mrs. Jordan, which issue might take a possible share, these daughters could competently represent the contingent interest of the unborn persons. Mere privity in blood does not authorize one party to defend the interest of another, but the daughters who may become mothers are themselves contingent remaindermen. In the event of the death of any of them, during the continuance of the trust, the will gives to her "issue" (children).

The general rule of earlier mention "was originally a rule of convenience; for the sake of convenience it was relaxed." *Bedford* v. *Ellis*, (1901), A. C., 1 (England). The question of convenience is one which rests largely in the discretion of the Court. *Smith* v. *Williams*, 116 Mass., 510; *Cassidy* v. *Shimmin*, 122 Mass., 406, 409; *Libby* v. *Norris*, 142 Mass., 246, 7 N. E., 919.

In the instant case, the contingent interest or right of any possible afterborn person appears, on review, to have been virtually represented, so that there might be a fair trial and honest determination, on behalf of all. 20 R. C. L., 670; Ann. Cas. 1913C, note p. 659; 24 Am. & Eng. Ency. of Laws, 2d ed., 759; note to *Rutledge* v. *Fishburne*, 97 A. S. R., 757. This proceeding is, essentially, an equitable one. Decisions therefore, in equity, which recog-

nize the doctrine of virtual representation may be justly cited to sustain it. *Ridley* v. *Halliday,* 106 Tenn., 607, 61 S. W., 1025, 53 L. R. A., 477; *Gavin* v. *Curtin,* 171 Ill., 640, 49 N. E., 523, 40 L. R. A., 776; *Sweet* v. *Parker,* supra; *Hale* v. *Hale,* 146 Ill., 227, 259, 33 N. E., 858, 20 L. R. A., 247, 256; *Miller* v. *Texas & Pacific Railway Co.,* 132 U. S., 662, 22 Law ed., 487.

On the subject of the remaining exceptions, little need be said. Neither the question of an abuse of discretion nor the matter of the substitution of judicial discretion was involved. Trustees between whom there was radical diversity of opinion, sought instruction by the Court. With this, and only this, had the evidence relevancy.

The exceptions are overruled. No exception was taken to the decree, affirmatory of that of the Probate Court which was signed and entered. That decree is hereby affirmed.

*Exceptions overruled.*
*Decree affirmed.*